IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Carlos Ray Kidd, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 3:14-cv-89 |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) ) | |
| Defendant. | ) | |

Plaintiff Carlos Ray Kidd ("Kidd"), an inmate at a state prison in Texas, filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. (Doc. #1, Doc. #1-2). Kidd also submitted a motion for an evidentiary hearing, a motion to appoint counsel, and a motion for summary judgment. (Doc. #6, Doc. #9).

**Summary of Recommendation**

Kidd is a serial litigator and is subject to the Prison Litigation Reform Act's "three strikes" provision, codified at 28 U.S.C. § 1915(g). Kidd has not established that he meets the imminent exception to the three strikes provision. See 28 U.S.C. § 1915(g). Accordingly, it is **RECOMMENDED** that Kidd's motion to proceed IFP be **DENIED**. It is further **RECOMMENDED** that Kidd's motion for an evidentiary hearing, motion to appoint counsel, and motion for summary judgment be **DENIED**. Alternatively, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Law and Discussion**

**1.    Section 1915(g)**

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action IFP if he has brought three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. Kidd has brought at least three cases which meet those criteria. See

Kidd v. Obama, No. 09-1657, 2009 WL 3514753 (D.D.C. Oct. 30, 2009) (complaint dismissed for failure to state a claim upon which relief can be granted), aff'd, 387 Fed.Appx. 2 (D.C. Cir. 2010) (per curiam); Kidd v. Livingston, No. 3:09-cv-168, Doc. #11 (S.D. Tex. Apr. 3, 2012) (complaint dismissed as frivolous) (no appeal); Kidd v. Perry, No. 9:10-cv-57, 2010 WL 2990942 (E.D. Tex. July 23, 2010) (complaint dismissed as frivolous and for failure to state a claim upon which relief can be granted) (no appeal); Kidd v. Livingston, No. 4:11-cv-985, 2013 WL 5786480 (S.D. Tex Oct. 28, 2013) (complaint dismissed as frivolous) (no appeal).

Section 1915(g) provides an exception to the "three strikes" rule if the prisoner is under imminent danger of serious physical injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[I]mminent danger of serious physical injury must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred." Id. "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Id. (quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001)). A prisoner may invoke the § 1915(g) exception only upon "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Kidd alleges that he suffered abuse, assaults and rapes while incarcerated in state prisons in Texas in the past.[1] (Doc. #1-2, p. 2). Thereafter, Kidd was transferred into federal custody to face criminal charges in this district. Id. In this district, Kidd was sentenced to sixty months of imprisonment, to run consecutive to a previous sixty month federal sentence, and to run

---

[1] A federal court's order acknowledges that Kidd was brutally raped by an officer in a Texas state prison in 2003, and that he became a "marked man" after he sued the officer. See Kidd v. Perry, No. 9:10-cv-57, 2010 WL 2990942 (E.D. Tex. July 23, 2010).

2

concurrently with a ten year Texas state sentence. (Doc. #1-2, p. 3). Kidd contends that Texas state prison officials had agreed to allow him to serve his state sentence at a federal correctional institution, but that after Kidd was sentenced in this district, the Texas officials demanded he be returned to serve his sentence at a Texas state facility. Id. Kidd is currently housed in the Polunsky Unit in Livingston, Texas. (Doc. #1-2, p. 6).

Kidd's complaint, filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., alleges that the United States was negligent in returning him to Texas state custody knowing that doing so would place Kidd in danger. (Doc. #1-2, p. 4). The remainder of Kidd's claims appear to be against Texas prison officials who are not named as defendants in the complaint. Kidd alleges prison officials have intentionally inflicted emotional distress upon him and failed to protect him by housing him near gang members who have threatened him and his family with physical harm. Id. Kidd states that he is in administrative segregation, but he notes he had been raped and assaulted while in segregation in the past, which caused him to attempt suicide and to "self-mutilate." Id. Kidd also alleges his conditions of confinement constitute cruel and unusual punishment, and that Texas prison officials have been deliberately indifferent to his serious medical needs by not ensuring he receives proper psychological treatment.[2] Id. at pp. 4-5.

---

[2] The proper remedy for claims against state officials challenging conditions of confinement is to file a suit in the appropriate venue pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life"); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) ("Generally, only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated.") (citations omitted).

Kidd contends he has exhausted his administrative remedies "through the Texas State Prison Grievance System, and has addressed the[] issues over and over, but has received no relief." Id. at p. 5. Kidd requests that this court order that he be moved to a federal correctional institution where he will be safe and can receive "proper psychological care." Id.

Kidd has raised similar allegations regarding his safety in Texas state prisons, and has requested that he be transferred out of the state of Texas or into federal custody, in several civil rights lawsuits filed in the Eastern District of Texas. See Kidd v. Livingston, No. 6:08-cv-257, 2009 WL 263884 (E.D. Tex. Feb. 4, 2009) (complaint dismissed for failure to exhaust administrative remedies); Kidd v. Livingston, No. 6:09-cv-342, 2010 WL 2208247 (E.D. Tex. May 26, 2010) and Kidd v. Livingston, No. 6:09-cv-342, 2011 WL 1363767 (E.D. Tex. Apr. 11, 2011) (complaint partially dismissed as frivolous and for failure to state a claim upon which relief can be granted, and partially dismissed for failure to exhaust administrative remedies); Kidd v. Perry, No. 9:10-cv-57, 2010 WL 2990942 (E.D. Tex. July 23, 2010) (complaint dismissed as frivolous and for failure to state a claim upon which relief can be granted); Kidd v. Thaler, No. 9:11-cv-18, 2011 WL 6714527 (E.D. Tex. Aug. 26, 2011) (report and recommendation) and Kidd v. Thaler, No. 9:11-cv-18, 2011 WL 6713728 (E.D. Tex. Dec. 21, 2011) (order adopting report and recommendation) (complaint dismissed pursuant to 28 U.S.C. § 1915(g) because Kidd failed to demonstrate that he was under imminent danger of serious physical injury). In Kidd v. Thaler, Kidd alleged he was subjected to threats, assaults and abuse from both inmates and staff, that officials were not protecting him from the threat of gang violence, and that he suffered past abuse in the Texas state prison system, including being sexually assaulted on two occasions with one of the incidents occurring while Kidd was in

4

administrative segregation. 2011 WL 6714527, at *1, *5 and *9; 2011 WL 6713728, at *1-*3. The court found that the past harms and abuse he suffered did not support a finding that Kidd was in imminent danger. 2011 WL 6714527, at *8; 2011 WL 6713728, at *4 and *7. Additionally, the court found that Kidd's allegations of on-going danger were insufficient to demonstrate that Kidd faced an imminent danger of serious physical injury, since Kidd was housed in administrative segregation where inmates have a private cell and are escorted by officers when they leave the cell. 2011 WL 6714527, at *10; 2011 WL 6713728, at *4-*5 and *7.

In the complaint before this court, Kidd primarily refers to past harms he suffered in Texas state prisons. That is insufficient to trigger the imminent danger exception to 28 U.S.C. § 1915(g). Kidd makes general allegations that "he continues to endure abuse, and a high risk of assault or death," and that he is housed near gang members who have threatened him and his family; however, Kidd admits that he has "very limited contact with other prisoners" because he is housed in administrative segregation, and he has not provided any facts detailing any specific incidents of physical abuse since he was placed back in custody of the Texas Department of Criminal Justice. (Doc. #1-2, pp. 3-4). It appears Kidd alleges only verbal abuse from other inmates while in administrative segregation at the Polunsky Unit, and verbal abuse alone does not demonstrate that Kidd is imminent danger of serious physical injury.

Kidd alleges no pattern of misconduct or assaults at the Polunsky Unit. The previous assaults Kidd alleges while in administrative segregation appear to have occurred years earlier at other facilities. See Kidd v. Perry, No. 9:10-cv-57, 2010 WL 2990942, at *1 (Kidd was brutally raped by an officer at the Coffield Unit in 2003.); Kidd v. Livingston, No. 6:09-cv-342, 2010

5

WL 2208247, at *1-2 (After the 2003 rape Kidd was transferred to the Michael Unit where Kidd alleged the harassment continued, and he was later transferred to the Darrington Unit.); Kidd v. Thaler, No. 9:11-cv-18, 2011 WL 6713728, at *1 (Kidd alleged that in 2004 "he was sexually assaulted and beaten unconscious while in administrative segregation," and he was subsequently transferred to the Ramsey I Unit where he escaped in 2005.). The first time a court order mentions that Kidd was housed in the Polunsky Unit was in 2011. See Kidd v. Thaler, No. 9:11-cv-18, 2011 WL 6713728 (Kidd was in the Polunsky Unit while pursuing a complaint alleging his constitutional rights had been violated at the Gib Lewis Unit in 2010.); Kidd v. Livingston, 463 Fed.Appx. 311, 313 (5th Cir. 2012) (noting that Kidd was housed in the Jester 4 and Polunsky Units after he was housed in the Darrington Unit and the Gibb Lewis Unit). Under the circumstances, including that Kidd has not provided specific facts detailing any recent physical assaults, and that he is housed in administrative segregation in a facility where the past harms did not occur, Kidd has not demonstrated that he is in imminent danger of serious physical injury.

**2.    Section 1915A**

Alternatively, even if the court were to determine that Kidd has met §1915(g)'s imminent danger exception, Kidd's complaint should be dismissed under § 1915A(b)(i).[3] First, the court may lack subject matter jurisdiction since it appears Kidd did not first present his claim to the appropriate federal agency. See 28 U.S.C. § 2675(a) (claimant cannot institute an action against

---

[3] Under 28 U.S.C. § 1915A(a), the court is required to conduct an initial review of a prisoner complaint prior to service upon the defendants. The court must either identify cognizable claims or dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

6

the United States pursuant to the FTCA unless the claim was first presented to the appropriate federal agency); Mader v. United States, 654 F.3d 794, 808 (8th Cir. 2011) (court properly dismissed complaint for lack of subject matter jurisdiction because plaintiff did not comply with presentation requirement of § 2675(a)). Kidd alleges he exhausted his claims through the "Texas State Prison Grievance System," but Kidd does not assert that he first presented his claims to any federal agency. (Doc. #1-2, p. 5).

Even if Kidd had exhausted his administrative remedies and subject matter jurisdiction existed, this court would not be the proper venue for Kidd's claim. See Barber v. Simpson, 94 F.3d 648, 1996 WL 477005 (8th Cir. 1996) (table) ("Only if the district court determines jurisdiction exists should it consider whether venue over these claims is proper under 28 U.S.C. § 1402(b)."). "Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). If a federal court had subject matter jurisdiction, the proper venue would be the Eastern District of Texas where Kidd resides, and where the alleged acts occurred.

Lastly, the relief Kidd seeks is not available under the FTCA. Kidd seeks injunctive relief preventing the Texas state prison officials, who are not defendants, from holding him in their facilities. (Doc. #1-2, pp. 5-6). Alternatively, he seeks an order directing that he be held in a federal penal institution. Id. "[T]he FTCA provides only for money damages, not injunctive relief." E. Ritter & Co. v. Dep't of Army, Corps of Eng'rs, 874 F.2d 1236, 1244 (8th Cir. 1989); see also Talbert v. United States, 932 F.2d 1064, 1065 (4th Cir. 1991) (FTCA does not support an action for injunctive or mandamus relief); Trentadue v. United States, 397 F.3d 840, 863

(10th Cir. 2005) (district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief); Grace v. Hughs, No. 4:14-cv-1771, 2014 WL 7333845, at *2 (E.D. Mo. Dec. 19, 2014) (FTCA "does not waive immunity for a suit seeking injunctive relief"). To the extent Kidd seeks a writ of mandamus compelling the United States to take custody of him, the Mandamus Act, 28 U.S.C. § 1361, "does not apply to the United States itself." Murray v. United States, 686 F.2d 1320, 1326 (8th Cir. 1982).

## Conclusion

Based on the foregoing, it is **RECOMMENDED** that Kidd's motion to proceed IFP (Doc. #1), motion for an evidentiary hearing (Doc. #6), motion to appoint counsel (Doc. #6), and motion for summary judgment (Doc. #9) be **DENIED** because Kidd has not established he is under imminent danger of serious physical injury. Alternatively, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

It is further **RECOMMENDED** that the case be **DISMISSED** without prejudice to reopen upon the payment of the filing fee, and that the court find any appeal would be frivolous, could not be taken in good faith, and may not be taken IFP.

Dated this 18th day of February, 2015.

    /s/ *Alice R. Senechal*
    Alice R. Senechal
    United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Court Civil Rule 72.1(D)(3), plaintiff may file written objections to this Report and Recommendation by March 9, 2015. Failure to file objections may result in the recommended action being taken.