IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Carlos Ray Kidd, | |
| Plaintiff, | Case No. 3:14-cv-89 |
| -vs- | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| United States of America, | |
| Defendant. | |

The court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that Plaintiff Carlos Kidd's motion to proceed *in forma pauperis* be denied; that Kidd's motion for an evidentiary hearing be denied; that Kidd's motion to appoint counsel be denied; and that Kidd's motion for summary judgment be denied.[1] Kidd has filed objections to the Report and Recommendation, describing ongoing assaults and threats to his life and safety within the Texas Prison System and requesting that the court reverse the magistrate judge's decision regarding jurisdiction. This court takes seriously the claims alleged by Kidd; however, Congress has explicitly limited the claims and causes of action that this court may decide. While this court would, without any reservations, address Kidd's claims if it had the authority to do so, it is simply without the authority to do so.

Kidd first objects to the magistrate judge's findings regarding § 1915(g)'s imminent danger exception. Whether or not the imminent danger exception requirement applies does not change the fact that this court lacks jurisdiction over Kidd's claims. Kidd has alleged a claim under the Federal Tort Claims Act ("FTCA") and seeks injunctive relief in the form

---

[1] Doc. #12.

1

of an order directing that he be transferred to federal custody. The FTCA provides only for monetary relief, not injunctive relief.[2] Thus, Kidd is not entitled to the relief sought.

Second, Kidd recounts past and ongoing abuse and harassment. The primary allegations asserted by Kidd relate to the Texas state prison and employees within the prison system. All of the events and circumstances allegedly causing harm to Kidd occurred while in the state prison system of Texas. If Kidd wishes to pursue a claim challenging the conditions of confinement under 42 U.S.C. § 1983, proper jurisdiction and venue would be in the United States District Court for the Eastern District of Texas.[3] Kidd may also elect to pursue an Eighth Amendment claim in Texas state court against prison officials. This court simply does not have jurisdiction to address the harms Kidd has suffered or may be suffering while in Texas state custody.

Third, Kidd alleges negligence against the United States for returning him to Texas state custody for completion of his sentence. By statute, Kidd must pursue his claim against the United States in the judicial district where he resides or where the acts complained about occurred.[4] It appears the proper venue for this type of claim would be in the Eastern District of Texas.

Finally, this court is neither dismissing Kidd's complaint for lack of evidence, nor does it believe he has not undertaken steps to exhaust his administrative remedies available

---

[2] E. Ritter & Co. v. Dept. of Army, Corps of Engineers, 874 F.2d 1236, 1244 (8th Cir. 1989).

[3] Claims under 42 U.S.C. § 1983 are governed by the general venue statute, which provides that venue is proper in civil rights actions in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

[4] 28 U.S.C. § 1402(b).

in the prison, nor does it doubt the details of his abuse/assaults while in state custody. Kidd is desperate to be transferred from state custody to federal custody, and for good reason. This court has done all within its power to try to fulfill his wish. However, this court simply does not have the authority to compel such a transfer of custody.

Upon consideration of the Report and Recommendation and the entire record, the court hereby adopts the magistrate judge's analysis contained in the Report and Recommendation. For the reasons stated therein and for the additional reasons noted above, it is hereby **ORDERED** that (1) the motion to proceed *in forma pauperis* is DENIED; (2) the motion for an evidentiary hearing is DENIED; (3) the motion to appoint counsel is DENIED; and (4) the motion for summary judgment is DENIED. Kidd's complaint is hereby dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The court further finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken IFP.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 30th day of April, 2015.

/s/ *Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court